Statement of the Case.

JOHN A. COVINGTON v. JOS. W. PATRICK.

**Assignment for Creditors — Injunction — Estoppel.**
　　A creditor of an insolvent banking corporation, who is present at a
　　meeting of its creditors when an assignment is resolved upon and ex-
　　presses no dissent, cannot disaffirm an assignment made in pursuance
　　of the agreement after a trustee has been appointed who took charge
　　of the assets and sells same to innocent purchaser for value, and he
　　will be enjoined from levying execution on land sold by said trustee
　　and selling same.[1]

**Same — Unopposed Sale.**
　　The unopposed sale of the effects by the trustee passes the legal and
　　equitable title to the purchaser and he holds it free from danger of
　　a disaffirmance thereafter.

　　The Rankin County Savings Institution, a banking corpora-
tion, became insolvent. There was a meeting of its creditors held
and a resolution was adopted directing that an assignment of its
assets be made for the benefit of the creditors. Appellant, Cov-
ington, was present at this meeting. In pursuance of this resolu-
tion an assignment was afterward made and a trustee was ap-
pointed who took charge of the assets, real and personal, gove
notice to creditors as required by the assignment, sold the property,
and made distribution of the proceeds except the *pro rata* share

---

1

[1] The assignment as written is the law for the administration of the
insolvent's estate, and it must be susceptible of complete execution without
depriving creditors of their legal rights.　Richardson *v.* Stapleton, 60 Miss.
97; Marks *v.* Bradley, 69 Miss. 1; Selleck *v.* Pollock, 69 Miss. 870; Hiller
*v.* Ellis, 72 Miss. 701.

If there is an immediate necessity for the execution of an assignment
for the benefit of its creditors by a corporation, and it does execute such
an instrument, through a legal quorum of its directors, authorized to do so
by the stockholders, given at a meeting where a majority of the stock and
stockholders were represented, the assignment is not void or voidable at the
suit of creditors, none of the stockholders objecting thereto because proper
notice was not given of the meetings.　Bank *v.* Bank, 83 Miss. 610.

An assignee of property under a general voluntary assignment for the
benefit of creditors is not a *bona fide* purchaser.　Hence, a landlord may
attach for rent goods assigned by his tenant, if they would be liable not-
withstanding the assignment, the right to attach existing against every one,

of appellant who refused to accept same. Appellant brought suit on his claim against the bank and obtained a judgment. Some of the land that had belonged to the bank was sold by the trustee to appellee, Patrick. Appellant had execution issued on his judgment and caused same to be levied on the land sold to Patrick and it had been advertised for sale under the execution. Appellee then filed the bill in this case in the Chancery Court of Rankin county where the land was situated praying for a writ of injunction to restrain Covington and the sheriff from selling the land under the execution and a writ of injunction was issued. Appellant answered the bill and made a motion to dissolve the injunction. The motion was heard on bill, answer, and affidavits. Appellant admitted being present at the meeting in which it was decided to make an assignment but stated that he took no part in it and really disapproved that action, but did not express his disapproval.

From a decree overruling the motion to dissolve the injunction and making it perpetual this appeal is taken by Covington.

APPEALED from Chancery Court of Rankin County, T. B. GRAHAM, Chancellor.

Affirmed, May 18, 1885.

*Attorneys for appellant, Miller & Conn, and Joe Purser.*

*Attorney for appellee, Wm. Buchanan.*

---

except a purchaser in good faith and for value. Paine *v.* Hotel Co., 60 Miss. 360; Paine *v.* Sykes, 72 Miss. 351.

Estoppel *in pais* only arises when manifest justice and equity as respects the right of another requires its application. Madden *v.* Railway Co., 66 Miss. 258.

Estoppel operates only in favor of one who, induced by the acts or representations of another, so changes the situation that injury would result if the truth were known. Hart *v.* Foundry & M. Co., 72 Miss. 809.

The principle on which the doctrine of estoppel rests is that it would be a fraud for one to assert what his previous conduct has denied, when on the faith of that denial others have acted. Staton *v.* Bryant, 51 Miss. 261; Davis *v.* Bowmar, 55 Miss. 671. See also Covington *v.* Myers, 62 Miss. 730.

An assignment fraudulent as to creditors can be set aside only by a creditor, and if all the creditors assent, it is good; and so a nonassenting creditor cannot object, if the trustee in the assignment offer to pay him. Whitney *v.* Freeland, 4 C. 481.

Brief of Miller & Conn:

This case involves all the facts and questions of law except the deed from J. M. Jayne, cashier, that are contained in the case No. 4878, Covington v. A. G. Mayers. In that case, complainant claims title by reason of a deed from J. M. Jayne, cashier, made subsequent to the assignment. But in this case there is no deed from Jayne to the cashier.

We refer the court to our brief in that case as our argument in this.

Brief of Wm. Buchanan:

Appellant is estopped by this conduct to question the validity of the sales made by the trustees under the assignment. Bigelow on Estoppel (2d ed.), p. 452, and authorities there cited; Ibid., p. 459, n. 1; Ibid., p. 487, n. 1; 2 Perry on Trusts, § 870, pp. 147, 148; 4 Kent Com. (11 ed.) top p. 282, n. 1.

If appellant has any interest now he had the same interest in the lands at the time they were sold by the trustee, and that was to have his claim paid out of the property of the bank. He could have proceeded by attachment, or could have enjoined the trustee, and in either case, the innocent purchaser here involved would have had notice of his repudiation of the assignment, and would not have made the purchases. * * *

Appellant was present when the assignment was recommended by the creditors, and expressed no dissent. * * *

He cannot now be permitted to deny the title of the purchases from the trustee on the ground that the trustee sold the lands without power. 2 Perry on Trusts, pp. 147, 148.

The assignment having been accepted by a majority of the creditors who were parties to it, the acceptance of appellant was not necessary to its validity, and in view of his conduct, third parties were justified in buying from the trustee, with the belief that they would get a good title, and he cannot avoid the effect of his conduct by showing that he had notified the trustees that he would not accept a benefit under the assignments, as this would not indicate that he objected to the assignment, because of its invalidity.

OPINION. — CAMPBELL, J.:

The appellant was present at the meeting of the creditors when an assignment by their debtor was resolved on; the assignment

was made in pursuance of the resolution mentioned; the trustee appointed took possession and control of the property, real and personal, assigned and acted upon the assignment, gave notice to the creditors, collected money, sold property at private and public sales, received payment, and made conveyances; made distribution among creditors, and wound up the business committed to him, except that he has in hand the *pro rata* to which the appellant is entitled but refuses to receive, and it is now too late for the appellant, for the first time, to assail the assignment, and disaffirm it as to purchaser from the trustee, who bought for value in the belief justly created by the circumstances that the trustee had the right to sell.

The unopposed sale passed title free from the danger of a subsequent disaffirmance. Okie *v.* Kelly, 12 Pa. St. 323.

*Affirmed.*